# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 26031234**
**Date Processed: 12/10/2022**

| | |
|---|---|
| **Primary Contact:** | SOP UPS - United Parcel<br>SOP - PowerBrief - Wilmington<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Electronic copy provided to:** | Sonja Jackson<br>Arlette Willis |

| | |
|---|---|
| **Entity:** | United Parcel Service, Inc.<br>Entity ID Number  2551129 |
| **Entity Served:** | United Parcel Service, Inc |
| **Title of Action:** | Eric Andersen vs. United Parcel Service, Inc. |
| **Matter Name/ID:** | Eric Andersen vs. United Parcel Service, Inc. (12166194) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Riverside County Superior Court, CA |
| **Case/Reference No:** | CVRI2205183 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/08/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Marcus Jackson<br>760-214-9244 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Riverside on 11/30/2022 10:52 AM
Case Number CVRI2205183 0000041117429 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Elizabeth Marquez, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED PARCEL SERVICE, INC., a corporation, and DOES 1-20, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ERIC ANDERSEN, CORRINE PACHECO, DIANA CASTILLO and OSCAR REYES

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):*
CVRI 2205183

Superior Court of Riverside County 4050 Main St. Riverside, CA 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marcus Jackson 380 S. Melrose Dr., Suite 331 Vista, CA 92081; Tel.: 760.214.9244

| DATE: *(Fecha)* | 11/30/2022 | Clerk, by *(Secretario)* | _E. Adu Mang_ | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  UNITED PARCEL SERVICE, INC., a corporation
    under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courts.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

privacy, please press the Clear This Form button after y[...]    [Print this form]    [Save this form]    [Clear this form]

Electronically FILED by Superior Court of California, County of Riverside on 11/30/2022 10:52 AM
Case Number CVRI2205183 0000041117428 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Elizabeth Marquez, Clerk

1  Marcus Jackson, Esq. (CSBN 205792)
   ATTORNEY AT LAW
2  380 South Melrose Drive, Suite 331
   Vista, CA 92081
3  Telephone: (760) 214-9244
   Facsimile: (760) 295-8738
4  Email: marcus@jacksonlitigation.com

5  Attorney for Plaintiffs ERIC ANDERSEN, CORRINE PACHECO,
   DIANA CASTILLO and OSCAR REYES
6

7

8                 **SUPERIOR COURT OF CALIFORNIA**

9                   **COUNTY OF RIVERSIDE**

10            **RIVERSIDE HISTORIC COURTHOUSE**

11

12  ERIC ANDERSEN, CORRINE PACHECO,        CASE NO.: CVRI2205183
    DIANA CASTILLO and OSCAR REYES,
13                                          **COMPLAINT FOR DAMAGES AND**
                  Plaintiffs,               **INJUNCTIVE RELIEF BASED ON:**
14
    v.                                      1.) WRONGFUL TERMINATION AND/OR
15                                          OTHER ADVERSE ACTION IN VIOLATION OF
                                            PUBLIC POLICY;
16  UNITED PARCEL SERVICE, INC., a
    corporation, and DOES 1-20, Inclusive,  2.) RETALIATION IN VIOLATION OF
17                                          CALIFORNIA LABOR CODE SECTIONS 98.6 &
                  Defendants.               1102.5;
18
                                            3.) UNPAID WAGES, INCLUDING REPORTING
19                                          TIME PAY AND EXPENSE REIMBURSEMENT,
                                            IN VIOLATION OF CALIFORNIA LABOR
20                                          CODE SECTIONS 204, 210, 216, 221 & 2802
                                            AND I.W.C. Wage Order 4, ¶5);
21
                                            4.) FAILURE TO PAY FINAL WAGES AT
22                                          TERMINATION IN VIOLATION OF
                                            CALIFORNIA LABOR CODE SECTION 203;
23
                                            5.) FAILURE TO PROVIDE TIMELY AND
24                                          ACCURATE WAGE STATEMENTS IN
                                            VIOLATION OF CALIFORNIA LABOR CODE
25                                          SECTIONS 226(a);

26                                          6.) BREACH OF CONTRACT;

27                                          7.) PROMISSORY ESTOPPEL;

28                                          8.) FAILURE TO PRODUCE EMPLOYMENT
                                            RECORDS IN VIOLATION OF CALIFORNIA
                                            LABOR CODE SECTION 1198.5; and

                                    1.

9.) NEGLIGENT SUPERVISION/NEGLIGENT RETENTION;

**JURY TRIAL REQUESTED**

Plaintiffs ERIC ANDERSEN, CORRINE PACHECO, DIANA CASTILLO and OSCAR REYES complain and allege as follows:

<u>JURISDICTION AND VENUE</u>

1.    This case arises out of an employment relationship between Plaintiffs ERIC ANDERSEN ("ANDERSEN"), CORRINE PACHECO ("PACHECO"), DIANA CASTILLO ("CASTILLO") and OSCAR REYES ("REYES"), (collectively "Plaintiffs") on the one hand and Defendant UNITED PARCEL SERVICE, INC. ("UPS" or "Defendant") on the other that existed within the jurisdiction of the Superior Court of the County of Riverside.  Plaintiffs during all times relevant to this Complaint were employed in the County of Riverside.  This Court has jurisdiction over this action under Article 6 of the California Constitution and Code of Civil Procedure section 410.10 because Defendant transacted business and committed the acts complained of herein in California.

2.    Venue is proper in this judicial district pursuant to Code of Civil Procedure section 395.5 because the acts, conduct, and events alleged herein occurred in Riverside County.  Also Defendant maintains offices and transacts business in Riverside County and Defendant is therefore within this Court's jurisdiction for purposes of service of process.  The unlawful acts alleged herein had a direct effect on Plaintiffs within the State of California and within Riverside County.

<u>PARTIES</u>

3.    Plaintiffs ANDERSEN, PACHECO, CATILLO and REYES are all adult residents of the County of Riverside, State of California and/or were employed in the County of Riverside, State of California at all times relevant herein.

2.

4.      Plaintiffs are informed and believe that at all times herein mentioned, Defendant UPS is and at all times relevant herein was a corporation conducting package shipping, sorting and delivery services and related business activities in the County of Riverside, State of California.

5.      Plaintiffs do not know the true names or capacities of Defendants designated herein as DOES 1 through 20, inclusive, and, sue each of those Defendants by such fictitious names. Plaintiffs will amend the Complaint to allege the true names and capacities of each of such DOE Defendant when ascertained. Plaintiffs are further informed and believe, and thereupon allege, that each of the fictitiously named Defendants is negligently and/or intentionally responsible for the occurrences herein alleged, and that the losses of Plaintiffs as herein alleged were proximately caused by such negligence and intent.

6.      Plaintiffs are informed and believe, and thereupon allege, that UPS and DOES 1-20, are, and at all times relevant herein were, the principals, shareholders, agents, employers, employees, part-time employees, consultants, general partners, partners, joint venturers, representatives, and some combination thereof of their co-Defendants, and in doing the things alleged in this Complaint, were acting both within, and also without, the course and scope of such agency and employment.

7.      Plaintiffs are informed and believes, and thereupon alleges, that Defendants, and each of them, aided, abetted, and conspired with each other to commit each tortious act alleged herein.

## FACTUAL BACKGROUND

8.      Andersen started working for UPS as a full-time seasonal driver on December 4, 2021. His specific job title initially was a Personal Vehicle Driver ("PVD"), meaning he drove his own vehicle, making deliveries for UPS to support the large brown UPS truck drivers. He and various other PVDs worked out of the UPS location at 20801 Krameria Avenue in Riverside, CA, a warehouse hub where packages are sorted and loaded on trucks for delivery.

9.      Andersen was initially trained by a Driver Supervisor named Gerald Ramos, who had been with UPS for about 20 years. Mr. Ramos assured ANDERSEN that he himself had started as a PVD and worked his way up to a six-figure salary. Thereafter, ANDERSEN commenced

3.

1  work. During the busy holiday season, ANDERSEN worked sometimes up to six days per week
2  and as many as 14 hours per day. Plaintiffs PACHECO, CASTILLO and REYES also worked as
3  PVDs during the holiday season under the same circumstances.

4          10.     Andersen signed a contract and was told that the seasonal contract period would run
5  through the end of the year. He was paid $21 per hour and $0.56 cent per mile traveled as well as
6  being compensated $5 per day for using his own cellular phone for work. Additionally, he was paid
7  a retention bonus for showing up to work each week.

8          11.     In order to track his miles for purposes of his mileage reimbursement, ANDERSEN
9  would enter mileage into a UPS mobile application that was used to sign in and out each workday.
10 This application would track a driver's driving miles and provide their route, list the number of
11 packages to be delivered on the route. ANDERSEN also kept his own record of his driving routes
12 and mileage on a notepad too.

13         12.     On December 29, 2021 ANDERSEN appeared for work as usual and a Supervisor,
14 Mosis Lopez, told him that all PVDs had been terminated so he should just head back home.
15 Oddly, however Mr. Lopez stated that Mr. Ramos would likely be in touch with many of the PVDs
16 about additional work through mid-January 2022.

17         13.     On January 1, 2022, ANDERSEN received a call from Driver Supervisor Mr. Ramos
18 who told ANDERSEN he had been selected as part of a small group of drivers to be hired on a
19 permanent basis. Mr. Ramos advised that ANDERSEN would continue to work as a Personal
20 Vehicle Driver through January 18, 2022 and after that needed to report to the warehouse to work
21 as a pre-loader. He was informed that henceforth he would be paid $40.51 per hour as a temporary
22 PVD and then he would be compensated at the rate of $18 per hour for working in the warehouse.
23 All of the Plaintiffs at one point signed written agreements to be paid $40.51 per hour for driver
24 work. He went to the HR department on January 3, 2022 and was hired then as a permanent
25 employee. PACHECO, CASTILLO and REYES were also promised warehouse work by
26 Defendant at the rate of $40.51 per hour. In the January 10 to January 17 of 2022 timeframe
27 ANDERSEN, along with several other employees, reported to work without being put to work.
28 None of them had been advised that they were not needed that day. They were aware of their right

4.

1  to reporting time and asked if they would be paid for reporting to work that day.  None of them
2  were compensated for all of their reporting time.

3      14.    Andersen continued working for UPS as a Personal Vehicle Driver until January 15,
4  2022. At that time all of the Personal Vehicle Drivers in his area finished their seasonal work.
5  Despite being promised $40.51 per hour for his final two weeks of work as a PVD, ANDERSEN
6  was only paid $21 per hour.  He this day is still owed wages, including reporting time pay and in
7  mileage reimbursement from UPS.  Furthermore, he was only paid $15 rather than the promised
8  $18 for all of his warehouse work and these monies are still owed to him.  PACHECO, CASTILLO
9  and REYES were also not paid their promised rates for their final period of PVD work, are still
10 owed wages for warehouse work and they were paid less than the $18 per hour promised to them in
11 writing for much of their warehouse work.

12     15.    After discovering that many of them had been shorted hours, miles and wages
13 ANDERSEN, PACHECO, CASTILLO, REYES and several other PVDs, filed written complaints
14 on or about January 20 or January 21 of 2022.  ANDERSEN was sent home due to alleged
15 "overstaffing" on January 26 and again he asked about his reporting time pay.  He was told he did
16 not qualify for it and made several calls trying to get the matter resolved.  The following day,
17 January 27, 2022, ANDERSEN was terminated along with other employees, including DIANA
18 CASTILLO, all of whom had complained about their compensation shortly before the termination
19 and who also signed a complaint about the unpaid wages.  CORINNE PACHECO had been
20 terminated a few days earlier for the same reasons of having complained about unpaid wages.  All
21 of them were given the excuse of overstaffing which was untrue and a pre-text for retaliatory
22 termination. Around that time UPS was actually hiring for pre-loaders to work in the warehouse.

23     16.    The day after his layoff, ANDERSEN learned from another former PVD, Plaintiff
24 OSCAR REYES that supervisors referenced the fact that those employees who complained about
25 pay had been terminated.

26     17.    REYES also worked as a Seasonal Personal Vehicle Driver November 26, 2021 until
27 January 8, 2022.  Thereafter he worked for UPS as a Preloader in the warehouse from January 8,
28 2022 until February 15, 2022.  He was fired less than a month after he too signed a written

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  complaint about unpaid wages and he had also asked about his unpaid wages. REYES was
2  promised approximately $40.51 per hour for his driver work in January 2022 but we not paid that
3  rate. As a preloader he was promised in writing he would be paid $18 per hour but instead was
4  often paid only $15 per hour during that time.

5    18.    PACHECO and CASTILLO also worked as PVDs starting late 2021 and were
6  promised $40.51 per hour for their driver work which was not paid to them. They were both paid
7  much less than that rate. They both also later worked in the warehouse where they were paid less
8  than the hourly rate promised in writing for much of their work.

9
                                    **FIRST CAUSE OF ACTION:**
10  **WRONGFUL TERMINATION AND/OR OTHER ADVERSE ACTION IN VIOLATION OF
                                          PUBLIC POLICY**
11                          [Against UPS and DOES 1 through 20, Inclusive]

12
      19.    Plaintiffs repeat and re- incorporate by reference all preceding paragraphs as if fully
13  set forth herein.

14
      20.    Under California law, no employee, whether they are an at-will employee, or an
15  employee under a written or other employment contract, can be terminated or subjected to adverse
16  employment action for reasons that violate fundamental public policies.

17
      21.    Plaintiffs are informed and believe, and based thereon allege, that Defendant
18  terminated and/or took adverse action against them in violation of the public policy of the State of
19  California. Plaintiffs' terminations and/or adverse actions of being were due to the fact that they
20  repeatedly complained about not being paid the proper wages. Defendant's actions violate the
21  following statutes that affect society at large:

22
      a.    California Labor Code Section 204 and 216 requiring prompt payments of wages
23          due to an employee and California Labor Code Section221 prohibiting employer conversion
            of wages owed to employees.

24
      b.    IWC Wage Order 4 Paragraph 5 (and/or other applicable Wage Orders) which
25          regulates the hours and days of work and require that two hours of reporting time pay be
            paid to employees who report for a scheduled shift but are not put to work.

26
      c.    All other state and federal statutes, regulations, administrative orders, ordinances,
27          and any other applicable laws, regulations and rules, which effect society at large, and which
            discovery will reveal were violated by Defendants.

28
                                               6.

                        COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

22.    Plaintiffs' termination for complaining about unpaid wages and asking about compensation for reporting to work without being put to work was in violation of public policy.

23.    As a direct, foreseeable, and proximate result of the actions of Defendant as described above, Plaintiffs have suffered, and continues to suffer, emotional distress and anxiety as well as substantial losses in wages and other employment benefits they should have received from Defendants, all to their damage, in an amount unknown at this time but to be established at the time of trial.

24.    Based on the grossly reckless and/or intentional, malicious, and oppressive manner in which Defendant acted, engaing in knwoingly unlawful retaliation against Plaintiffs and terminating them, Defendant acted oppressively and malicious, in conscious disreagrd of Plaintiffs' rights and with a deliberate intent of causing them harm, as described herein, by willfully violating those statutes enumerated above.  Therefore, Plaintiffs pray for punitive damages against Defendant in an amount to be determined at the time of trial, that is sufficiently high to punish Defendant deter it from engaging in such conduct in the future, and to make an example of Defendant to others.

25.    Plaintiffs are informed, believe, and based thereon allege, that the outrageous conduct of described above, was done with oppression and malice and was ratified by the other individuals who were managing agents of those directly responsible.  These unlawful acts were ratified by Defendant's officers, directors and/or managing agents and done with a conscious disregard for Plaintiffs' right to work without retaliation for engaging in legally protected activities. By reason thereof, Plaintiffs are entitled to punitive or exemplary damages against Defendant for the acts as described in this cause of action in a sum to be determined at trial.

## SECOND CAUSE OF ACTION
### RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE
**(California Labor Code §§98.6 & 1102.5)**
[Against UPS and DOES 1 through 20, Inclusive]

26.    Plaintiffs repeat and re-incorporate by reference all preceding paragraphs as if fully set forth herein.

27.    Plaintiffs allege that Defendant retaliated against them in violation of California Labor Code Sections 204, 210, 216 and 221 for complaining about unpaid wages and in violation of I.W.C.

7.

1 | Wage order 4 , Paragraph 5 (and/or other applicable Wage Orders) for asking about reporting time
2 | pay.  In retaliation for asserting these legal rights and engaging in these protected activities Plaintiffs
3 | were all terminated.

4 |     28.    Once it has been established that an activity proscribed by California Labor Code
5 | §1102.5 was a contributing factor in the prohibited adverse action against the employee, the burden
6 | of proof shifts to the employer, pursuant to California Labor Code §1102.6, to prove by *clear and*
7 | *convincing evidence* that it would have engaged in the adverse action even if the unlawful motive had
8 | not been taken into account.

9 |     29.    Plaintiffs therefore seek all remedies available to them under the law, including civil
10 | penalties per California Labor Code Sections 98.6(b)(3) and 1102.5(f).

11 |     30.    As a proximate result of Defendant's unlawful conduct, Plaintiffs have suffered loss
12 | of income, wages and other employment-related benefits in an amount unknown at this time, but
13 | according to proof at trial.

14 |     31.    As a further proximate result of Defendant's retaliatory conduct, Plaintiffs have
15 | suffered depression, loss of self-esteem, mental anguish and emotional distress, to Plaintiffs' damage
16 | in an amount unknown at this time, but according to proof at trial.

17 |     32.    Defendant committed the acts alleged herein maliciously, fraudulently, and
18 | oppressively, in bad faith, with the wrongful intention of injuring Plaintiffs, from an improper and
19 | evil motive amounting to malice, and/or in conscious disregard of Plaintiffs' rights.  Therefore,
20 | Plaintiffs are entitled to an award of exemplary and punitive damages according to proof at trial.

21 |

**THIRD CAUSE OF ACTION:**
22 | **FAILURE TO PAY WAGES, INCLUDING REPORTING TIME PAY AND EXPENSE**
**REIMBURSEMENT, IN VIOLATION OF CALIFORNIA LABOR CODE**
23 | **(California Labor Code §§204, 210, 216, 221 & 2802**
**and I.W.C. Wage Order 4, ¶ 5)**
24 | [Against UPS and DOES 1 through 20, Inclusive]

25 |     33.    Plaintiffs repeat and re-incorporate by reference all preceding paragraphs as if fully
26 | set forth herein.

27 |     34.    As discussed above, Plaintiffs were not paid their proper hourly wages during their
28 | employment.  Additionally, Plaintiffs were paid not paid all compensation owed for their reporting

8.

1 time. Further, Plaintiffs are informed and believes, and based thereon allege, that they have not

2 been reimbursed for all expenses, including in connection with driving their personal vehicles.

3    35.    Plaintiffs allege that by its actions as herein stated, Defendant violated (1) California

4 Labor Code Sections 204 and 216, which require the prompt payment of wages twice during each

5 calendar month, (2) California Labor Code Section 221 prohibiting employer conversion of wages

6 due to employees, (3) Paragraph 5 of Wage Order No. 4 promulgated by the Industrial Welfare

7 Commission, 8 California Code of Regulations §11040 (and/or other applicable Wage Orders),

8 which requires that Plaintiffs be paid two hours or reporting time pay for any dates they reported to

9 work but were not assigned work, and (4) California Labor Code Section 2802 prohibiting wage

10 deductions based on errors. Defendant's actions were willful and intentional in not paying

11 Plaintiffs' proper wages for all their hours worked.

12    36.    As a direct and proximate result of the wrongful conduct of Defendant, Plaintiffs have

13 suffered economic harm due to these violations of California law and seek all damages allowed by

14 law, according to proof at the time of trial. Furthermore, Plaintiffs seek all interest, attorney's fees,

15 and statutory and/or civil penalties to which they are entitled at law, including but not limited to Labor

16 Code Sections 203, 210, 218.5, 218.6 and I.W.C. Wage Order 4 (and/or other applicable Wage

17 Orders).

18

19                    **FOURTH CAUSE OF ACTION:**
     **FAILURE TO PAY FINAL WAGES UPON TERMINATION**
20              **(California Labor Code §§201 & 203)**
              [Against UPS and DOES 1 through 20, Inclusive]

21    37.    Plaintiffs repeat and re-incorporate by reference all preceding paragraphs as if fully

22 set forth herein.

23    38.    At all times relevant herein, Plaintiffs were employees of Defendant covered by Labor

24 Code Sections 201 and 202.

25    39.    Pursuant to Labor Code section 201 and/or section 202, Plaintiffs were entitled, upon

26 termination, to timely payment of all wages earned but unpaid prior to termination. Discharged

27 employees are entitled to payment of all wages earned and unpaid immediately upon termination.

28

9.

Employees who resign are entitled to payment of all wages earned and unpaid within seventy-two (72) hours after giving notice of resignation.

40.    Defendant failed to pay Plaintiffs all wages earned and unpaid prior to termination in accordance with California Labor Code Section 201.

41.    Defendant's failure to pay Plaintiffs all wages earned prior to termination or within 72 hours of resignation in accordance with Labor Code Section 201 and/or 202 was willful. Defendant had the ability to pay all wages earned in accordance with the Labor Code but failed to do so. Defendant intentionally adopted policies and/or practices incompatible with the requirements of Labor Code Section 201 and 202. When Defendant failed to pay all wages earned at the time of Plaintiffs' terminations they acted willfully.

42.    Pursuant to Labor Code Section 201, Plaintiffs are entitled to all wages earned prior to their terminations that Defendant failed to pay them.

43.    Pursuant to Labor Code section 203, Plaintiffs are entitled to daily waiting time penalties from the date of their terminations until paid, up to a maximum of thirty (30) days.

44.    As a result of Defendant's conduct, Plaintiffs have suffered damages in an amount, subject to proof, to the extent they was not paid for all wages earned prior to termination.

45.    As a result of Defendant's conduct, Plaintiffs are all owed 30 days' worth of waiting time penalties pursuant California Labor Code Section 203.

46.    Wherefore pursuant to Labor Code sections 218.5, and 218.6, Plaintiffs are also entitled to recover interest on their unpaid wages, reasonable attorneys' fees, and costs of suit.

**FIFTH CAUSE OF ACTION:**
**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**
**(California Labor Code §§226)**
[Against UPS and DOES 1 through 20, Inclusive]

47.    Plaintiffs repeat and re-incorporate by reference all preceding paragraphs as if fully set forth herein.

48.    California Labor Code §2810.5 requires that upon hire employees be provided wirten notice of *inter alia* pay rates, paydays, the legal name of the employer, the address and

10.

telephone number of the emplyer.  California Labor Code §226 (a) requires employers to semi-monthly or at the time each payment of wages is made to furnish each employee with a statement itemizing, *inter alia*, the gross wages earned by the employee, the total hours worked by the employee, all deductions and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, *inter alia,* the total gross wages earned by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000).

49.    California Labor Code Section 226(a) specifically requires an employer to keep and maintain accurate itemized statements in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned, if applicable, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.   It also requires that deductions made from payment of wages shall be recorded in ink or other indelible form; statements must be properly dated, showing the month, day and year; and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years, at the place of employment or at a central location within the State of California

50.    Plaintiffs are informed and believe that at all times relevant, Defendant knowingly and intentionally failed to furnish Plaintiffs with timely and accurate itemized statements showing their proper hourly compensation and gross wages earned, as required by Labor Code § 226 (a).

51.    Therefore Defendant is liable to Plaintiffs for the civil penalties mentioned above as well, per Labor Code § 226(h), all attorneys' fees and costs incurred.

11.

### SIXTH CAUSE OF ACTION:
### <u>BREACH OF CONTRACT</u>
[Against UPS and DOES 1 through 20, Inclusive]

52.     Plaintiffs repeat and re-incorporate by reference all preceding paragraphs as if fully set forth herein.

53.     During Plaintiffs' employment there existed express contractual agreements with Defendant which provided the terms of Plaintiffs' employment including their duties and the terms of their compensation.

54.     During their employment, Plaintiffs came reasonably to expect and to rely on these promises. Plaintiffs, in good faith, relied upon these representations and believed them to be true, thus resulting in their hard work and dedication to their job. As independent consideration for these contracts, and as evidence of Plaintiffs' reliance thereon, in addition to performing their regular duties, Plaintiffs refrained from seeking other employment opportunities while working for UPS.

55.     Plaintiffs undertook and continued employment and duly performed all conditions of the agreement to be performed by them. Plaintiffs were at all times ready, willing and able to perform and did perform all conditions of the express agreements to be performed by them. Despite the representations made to Plaintiffs and the reliance they placed on them, Defendant failed to carry out its responsibilities under the terms of the contracts by failing to provide Plaintiffs the full wages they earned and were thus entitled to receive. Therefore, UPS has breached its explicit agreements with Plaintiffs.

56.     As a proximate result of Defendant's breach of contract, Plaintiffs have suffered loss of wages, income, bonuses and other employment-related benefits in an amount unknown at this time, but according to proof at trial.

57.     As a further proximate result of the aforementioned wrongful conduct, Plaintiffs have suffered consequential damages in an amount to be determined at the time of trial.

### SEVENTH CAUSE OF ACTION:
### <u>PROMISSORY ESTOPPEL</u>
[Against UPS and DOES 1 through 20, Inclusive]

58.     Plaintiffs repeat and re-incorporate by reference all preceding paragraphs as if fully set forth herein.

12.

59.     Defendant promised all Plaintiffs specific compensation for both PVD work and warehouse work.

60.     Plaintiffs reasonably relied upon these promises and thereby provided labor to Defendant with the expectation of being compensated as they had been promised.

61.     Defendant broke its promise by failing to compensate Plaintiffs as it has promised to do.

62.     As a direct and proximate result of the bad faith actions of Defendant, Plaintiffs have suffered economic and non-economic damages and seek all relief available to them at law and equity.

**EIGHTH CAUSE OF ACTION:**
**FAILURE TO PROVIDE EMPLOYMENT RECORDS**
**(California Labor Code §1198.5)**
[By Plaintiffs PACHECO & REYES Against UPS and DOES 1 through 20, Inclusive]

63.     Plaintiffs repeat and re-incorporate by reference all preceding paragraphs as if fully set forth herein.

64.     California Labor Code Section 1198.5 requires an employer who receives a written or oral request from an employee to inspect or copy his or her personnel file comply with the request no later than thirty calendar days from the request date.  Failure to comply in such timely fashion entitles the employee to recover a $750 penalty from the employer, pursuant to California Labor Code Section 1198.5(k).

65.     California Labor Code § 226(c) requires an employer who receives a written or oral request to inspect or copy records to comply with the request no later than 21 calendar days from the request date.  Failure to comply with the requirements of California Labor Code § 226(c) entitles the employee to recover a $750 penalty from the employer, pursuant to California Labor Code § 226(f).

66.     Plaintiffs, through their attorneys of record, submitted a written demand for their employment records pursuant to California Labor Code §§ 226, 432 and 1198.5. More specifically, Plaintiffs requested all employment documents, including contracts and pay plans, they signed, all

13.

1   of their payroll records and the entire contents of their personnel files in letters sent via certified

2   mail.  Despite having received these written requests, Defendant never produced the employment

3   records requested on behalf of Plaintiffs PACHECO and REYES.  Therefore, Plaintiffs PACHECO

4   and REYES are each owed $1,500 in civil penalties per California Labor Code Sections 226(f) and

5   1198.5(k), based on Defendant's failure to produce their employment records in a timely fashion.

6          67.     As a direct and proximate result of the bad faith actions of Defendant, Plaintiffs

7   PACHECO and REYES have suffered damages due to these violations of California law and seek

8   all damages and penalties allowed by law, according to proof at the time of trial.

9          68.     Furthermore, Plaintiffs seeks all attorneys' fees and costs, and civil penalties to

10  which he is entitled at law, including but not limited to California Labor Code Section 226(h) and

11  1198.5(l).

12

13                          **NINTH CAUSE OF ACTION**
                   **NEGLIGENT SUPERVISION/NEGLIGENT RETENTION**
14                        (Against UPS and DOES 1 through 20)

15         69.     Plaintiffs repeat and re-incorporate by reference all preceding paragraphs as if fully

    set forth herein.

16
           70.     Plaintiffs are informed and believe and based thereon allege that in doing the acts as
17
    heretofore alleged, Defendant knew, or in the exercise of reasonable diligence should have known,
18
    that the employees responsible for the wrongful conduct alleged above, including but not limited to
19
    Plaintiffs' supervisors, were operating Defendant's business in violation of the law and engaging in
20
    other wrongful, reprehensible and deceptive conduct, and that an undue risk to persons such as
21
    Plaintiffs would exist because of the employment.
22
           71.     Despite this knowledge, Defendant continued to retain the employees responsible for
23
    the conduct detailed above, in conscious disregard of the rights and well-being of others, including
24
    Plaintiffs.  Plaintiffs are informed and believe that other employees have experienced the unlawful
25
    practices effected by Defendant's managers.
26
           72.     As a result of their conscious disregard of the rights of Plaintiffs, Defendant is liable
27
    for the acts of its employees and agents, and each of them, for damages alleged herein, including
28

                                            14.

                   COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  punitive damages.

2

3      **WHEREFORE**, Plaintiffs pray for judgment as follows:

4      1.      For compensation for Plaintiffs' lost wages and benefits;

5      2.      For injunctive relief, including requiring Defendant to adopt and implement wage and
6  hour policies that conform to California law, for a permanent injunction enjoining Defendant, its
7  agents, successors and employees from engaging in each unlawful practice set forth above, and for
8  such other injunctive relief as the Court may deem proper;

9      3.      For economic and special damages in an amount unknown at this time, but according
10  to proof at trial;

11      4.      For non-economic and general damages in an amount unknown at this time, but
12  according to proof at trial;

13      5.      For punitive damages as allowed by law, including California Civil Code §3294, and
14  according to proof at trial;

15      6.      For pre-judgment interest and post-judgment interest at the prevailing legal rate;

16      7.      For reasonable attorneys' fees and costs, pursuant to California Labor Code §§218.5,
17  1102.5 and all other applicable statutes or provisions of law;

18      8.      For reasonable expert witness fees and costs, pursuant to all applicable statutes or
19  provisions of law;

20      9.      For civil and/or statutory fees and penalties;

21      10.     For declaratory relief confirming their entitlement to the damages requested herein
22  based on their having suffered the injuries asserted herein for which Defendant is liable; and

23      11.     For such other and further relief as this Court deems just and proper.

24

25  DATED:        November 30, 2022          By:  _____

26                                               Marcus Jackson, Esq.
                                                 Attorneys for Plaintiffs
27                                               ERIC ANDERSEN, CORRINE
                                                 PACHECO, DIANA CASTILLO and
28                                               OSCAR REYES

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## **REQUEST FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury for all claims and issues so triable.

DATED:        November 30, 2022              By:

Marcus Jackson, Esq.
Attorneys for Plaintiffs
ERIC ANDERSEN, CORRINE
PACHECO, DIANA CASTILLO and
OSCAR REYES

16.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Marcus Jackson (CA Bar No. 205792)
380 S. Melrose Dr., Suite 331 Vista, CA 92081

TELEPHONE NO.:760.214.9244        FAX NO. *(Optional):*760.295.8738
E-MAIL ADDRESS:marcus@jacksonlitigation.com
ATTORNEY FOR *(Name):*Plaintiffs ERIC ANDERSEN, et al.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS:4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE:Riverside, CA 92501
BRANCH NAME:Riverside Historic Courthouse

Electronically FILED by Superior Court of California, County of Riverside on 11/30/2022 10:52 AM
Case Number CVRI2205183 0000041117430 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Elizabeth Marquez, Clerk

CASE NAME:
ERIC ANDERSEN, et al. v. UNITED PARCEL SERVICE, INC., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ✓ **Unlimited** (Amount demanded exceeds $25,000) | **Limited** (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CVRI2205183 |
| | | | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
✓ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary b. ✓ nonmonetary; declaratory or injunctive relief c. ✓ punitive
4. Number of causes of action *(specify):* 8: wrongful term, retliation, unpaid wages, final wages, wage statements, breach of K, etc.
5. This case ☐ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 30, 2022
Marcus Jackson

▶

_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

d privacy, please press the Clear This Form button after you    [ Print this form ]   [ Save this form ]   [ Clear this form ]

Electronically FILED by Superior Court of California, County of Riverside on 11/30/2022 10:52 AM
Case Number CVRI2205183 0000041117431 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Elizabeth Marquez, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

RI-CI032

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*
Marcus Jackson (CA Bar No. 205792)
380 S. Melrose Dr., Suite 331 Vista, CA 92081

TELEPHONE NO: 760.291.9244        FAX NO. *(Optional)*: 760.295.8738
E-MAIL ADDRESS *(Optional)*: marcus@jacksonlitigation.com
ATTORNEY FOR *(Name)*: Plaintiffs ERIC ANDERSEN et al.

FOR COURT USE ONLY

PLAINTIFF/PETITIONER: ERIC ANDERSEN, et al.

DEFENDANT/RESPONDENT: UNITED PARCEL SERVICE, INC.

CASE NUMBER:
CVRI2205183

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒    The action arose in the zip code of:  92518

☐    The action concerns real property located in the zip code of:  _____

☐    The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date November 30, 2022

Marcus Jackson
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _____ (SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]

**CERTIFICATE OF COUNSEL**

Local Rule 3117
riverside.courts.ca.gov/localforms/localforms.shtml

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2205183

**Case Name:**    ANDERSEN vs UNITED PARCEL SERVICE, INC.

### NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Daniel Ottolia in Department 4 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 12/01/2022                    W. SAMUEL HAMRICK JR.,
                                     Court Executive Officer/Clerk of Court


                                     by: _E. Marquez_____
                                         E. Marquez, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2205183

**Case Name:**    ANDERSEN vs UNITED PARCEL SERVICE, INC.

MARCUS JACKSON
380 SOUTH MELROSE DR. SUITE 331

Vista, CA 92081

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 05/30/2023 | 8:30 AM | Department 4 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing: The court strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-533-0910 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 12/01/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _E. Marquez_

E. Marquez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**  CVRI2205183

**Case Name:**  ANDERSEN vs UNITED PARCEL SERVICE, INC.

ERIC ANDERSEN

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 05/30/2023 | 8:30 AM | Department 4 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-533-0910 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 12/01/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: *E. Marquez*

E. Marquez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**     CVRI2205183

**Case Name:**     ANDERSEN vs UNITED PARCEL SERVICE, INC.

CORRINE PACHECO

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 05/30/2023 | 8:30 AM | Department 4 |
| Location of Hearing:<br>4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-533-0910 #
Access Code: Press the # key (after no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

 

Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 12/01/2022                          W. SAMUEL HAMRICK JR.,
                                           Court Executive Officer/Clerk of Court


                                           by: _____
                                               E. Marquez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2205183

**Case Name:**    ANDERSEN vs UNITED PARCEL SERVICE, INC.

DIANA CASTILLO

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 05/30/2023 | 8:30 AM | Department 4 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-533-0910 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 12/01/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
     E. Marquez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2205183

**Case Name:**    ANDERSEN vs UNITED PARCEL SERVICE, INC.

OSCAR REYES

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 05/30/2023 | 8:30 AM | Department 4 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-533-0910 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.


Dated: 12/01/2022                                    W. SAMUEL HAMRICK JR.,
                                                     Court Executive Officer/Clerk of Court


                                            by: _____
                                                     E. Marquez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2205183

**Case Name:**    ANDERSEN vs UNITED PARCEL SERVICE, INC.

UNITED PARCEL SERVICE, INC.

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 05/30/2023 | 8:30 AM | Department 4 |
| Location of Hearing:<br>**4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-533-0910 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 12/01/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _E. Marquez_

E. Marquez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2205183

JACKSON, MARCUS                          ANDERSEN, ERIC
380 SOUTH MELROSE DR. SUITE 331

Vista, CA 92081                          CASTILLO, DIANA


PACHECO, CORRINE                         UNITED PARCEL SERVICE, INC.


REYES, OSCAR